IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KATHY S. LOPEZ,
    Reg. No. 72202-018
    Petitioner,
vs.                                         Case No.:   5:22cv99/TKW/MAL

WARDEN PISTRO,
    Respondent
    _____/

## REPORT AND RECOMMENDATION

Petitioner Kathy S. Lopez filed a petition for writ of habeas corpus in May of 2022 seeking credits she claimed were due under the First Step Act. Doc. 1. Respondent moved to dismiss the petition for failure to exhaust administrative remedies in September of 2022. Doc. 11. Petitioner twice moved for, and was granted, an extension of time to respond to the motion. She noted her claim might be mooted by the BOP's automation of time credit awards, which was expected to take place at the beginning of January of 2023.

In the Court's latest order granting an extension, Petitioner was directed to either advise the Court the petition was moot and file a notice of voluntary dismissal or file a response to the Warden's motion to dismiss. Doc. 17. She was directed to do this on or before January 17, 2023. Doc. 17. That deadline elapsed without a response from Petitioner.

The Court notes BOP records reflect Petitioner's release date has changed from November 24, 2025 to April 8, 2025. *See* https://www.bop.gov/inmateloc/. It also appears Petitioner has been transferred from FCI Marianna to Orlando RRM, although she has not filed a notice of change of address with the Court.

On January 23, 2023, the undersigned entered an Order to Show Cause why this case should not be dismissed for Petitioner's failure to comply with the Court's order and provide a response regarding the potential mootness of her claim. Doc. 7. The order provided that the show cause order would be discharged if Petitioner complied with the December 19, 2022 order on or before February 6, 2023. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner

has failed to comply with Court orders necessary for the continuation of her case, and because it appears likely the petition is moot, her petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice.

2. Respondent's Motion to Dismiss (Doc. 11) be **DENIED as moot**.

3. The clerk be directed to close the case file.

At Gainesville, Florida on February 14, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.